IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

Civil Action No. 6:24-CV-844-CEM-LHP

ROBERT MONI,  )
             )
    Plaintiff,  )
             )
vs.          )
             )
MICHAEL J. CHITWOOD, in his  )
official capacity as Sheriff of Volusia  )
County, and VOLUSIA COUNTY  )
SHERIFF'S OFFICE,  )
             )
    Defendants.  )

**SECOND AMENDED COMPLAINT FOR FIRST AMENDMENT VIOLATIONS
DEMAND FOR JURY TRIAL**

Plaintiff, ROBERT MONI (hereinafter "MONI"), files this Second Amended Complaint against Defendants MICHAEL J. CHITWOOD, in his official capacity as Sheriff of Volusia County (hereinafter "CHITWOOD"), and VOLUSIA COUNTY SHERIFF'S OFFICE (hereinafter "VCSO"), and alleges the following:

**PARTIES TO THE COMPLAINT**

**THE PLAINTIFF(S)**

    Name:    ROBERT MONI (hereinafter "MONI")
    Address:  1512 Newport Avenue
                Deland, Florida 32724
    County:   Volusia

Phone: (386) 235-8785
Email: motorwayi@yahoo.com

## THE DEFENDANT(S)

Name: MICHAEL J. CHITWOOD, Sheriff, Volusia County, FL (hereinafter "CHITWOOD")
Address: 123 West Indiana Avenue, Fourth Floor
Deland, Florida 32721
County: Volusia
Phone: 386-943-8276
Email:

\_\_\_\_\_ Individual Capacity   \_\_\_√\_\_ Official Capacity

Name: VOLUSIA COUNTY SHERIFF'S OFFICE (hereinafter "VCSO")
Address: 123 West Indiana Avenue, Fourth Floor
Deland, Florida 32721
County: Volusia
Phone: 386-943-8276
Email:

\_\_\_\_\_ Individual Capacity   \_\_\_√\_\_ Official Capacity

## BASIS FOR JURISDICTION

Are you bringing suit against (*check all that apply*):

_____ Federal Officials (a *Bivens* claim)

\_\_√\_\_ State or local officials (§ 1983 claim)

1.   Plaintiff is a resident of Deland, Volusia County, Florida.

2. The events giving rise to Plaintiff's claim occurred in Volusia County, Florida.

3. At all times material hereto, Defendant Michael J. Chitwood was the Sheriff of Volusia County, and as such, responsible for his and his deputies' actions and/or lack of action in the enforcement of State law.

4. VSCO deputies provide law enforcement to the unincorporated areas of Volusia County and assist the various municipal police departments.

5. Defendant, VCSO is a local organization, with authority to act "under color of State law," including but not limited to Florida statutes, ordinances, regulations, customs, or usage... 42 U.S.C. § 1983.

6. Plaintiff files this suit under 42 U.S.C. § 1983 alleging "deprivation of rights, privileges, or immunities secured by the United States Constitution."

7. Defendant, VCSO, is governed under Florida Statutes, Chapter 943 – Law Enforcement Department, local rules, and ordinances pertaining to the duties and responsibilities of local law enforcement personnel.

## STATEMENT OF CLAIM

8. Plaintiff incorporates herein by references Paragraphs 1 through 7 above as if fully recited herein.

9. Plaintiff was without criminal and mental health history prior to the purchase of his property in 2009, located at 1512 Newport Avenue, Deland, Volusia County, Florida. Here, MONI became the victim of organized criminals.

10. Prior to CHITWOOD becoming Sheriff, MONI communicated directly with CHITWOOD by email regarding his situation with then Sheriff Ben F. Johnson, drug trafficking and suspected corruption, conspiracy involving VCSO in Deland.

11. After CHITWOOD became Sheriff of Volusia County, Plaintiff was only able to communicate indirectly with CHITWOOD giving the following representatives actionable tips and information against the drug traffickers and suspected corrupt law enforcement individuals.

   a. MONI made calls to CHITWOOD'S secretaries, DANA and KAREN.
   b. MONI had meetings with Chief Deputy CREAMER; and
   c. MONI made complaints to and had meetings with VCSO Internal affairs.

12. MONI offered cooperation to VCSO representatives and CHITWOOD against an organized crime network that had targeted MONI.

13. Instead of acting on MONI's information against known and admitted criminals, CHITWOOD and his subordinates arrested MONI three (3) times resulting in confiscation of his guns depriving him of his right to self-defense, and criminalizing and vilifying MONI in the national media.

14. MONI asserts VCSO helicopter unit baited and provoked him by flying over him in successive days to build a multiple felony, aggravated stalking charge, instead of giving warning to stay away. It demonstrates CHITWOOD's and VCSO's development of a pattern that, instead of cooperation with MONI, they are targeting him.

15. On October 9, 2023, MONI was arrested by VCSO deputies, subordinates of CHITWOOD, violating MONI's right to prayer.

16. MONI was charged with three (3) felony counts of aggravated stalking.

17. The facts are MONI held up a bible up citing scripture:

> (Ephesians 6:12) "for our struggle is not against flesh and blood, but against the rulers the authorities, the powers of this dark world and the spiritual forces of evil in the heavenly realms."

and

> (Psalm 109) "hold not thy peace o god of my praise for the mouth of the wicked and the mouth of the deceitful are opened against me they have spoken against me with lying tongues they compassed me about with words of hatred and fought against me without a cause for my love they are my adversaries but I give myself unto prayer and they have rewarded me evil for good and hatred for my love (set thou a wicked man over him and let Satan stand at his right hand)."

18. MONI was praying, which is all he had left for a defense, to public servants on public property exercising his right to Freedom of Speech and

Freedom of Religion. *Cantwell v. Connecticut,* 310 U.S. 296 (1943), "the freedom to believe and to act." See also, *Kenedy v. Bremerton School,* 597 U.S. 507 (2022), "protects an individual engaging in personal religious observance from government reprisal."

### HISTORICAL BACKGROUND FACTS ESTABLISHING A CUSTOM, PATTERN AND PRACTICE OF VCSO IN CRIMINALIZING AND VILIFYING MONI

19. Plaintiff incorporates herein by references Paragraphs 1 through 18 above as if fully recited herein.

20. In 2009, MONI purchased an industrial property located at 1512 Newport Avenue, Deland, Florida.

21. This location was initially intended to be solely for Plaintiff's principal place of business however, Plaintiff took residency at this location given the circumstances described in the *Historical Background Facts* below. Plaintiff owns and operates a trucking business, Motorway, Inc.

22. At MONI's Deland business property, MONI's business equipment and parts were stolen on several occasions.

23. MONI offered law enforcement assistance against drug traffickers in this afore mentioned neighborhood and was advised by law enforcement that Plaintiff should leave. The property is not worth it.

24. On March 13, 2009, since MONI did not possess a gun, he did what a reasonable person would do in the same situation. Plaintiff purchased a .9mm Barretta.

25. For a period of months, MONI acquired inside information from statements made and interaction with the drug traffickers and alleged corrupt individuals.

26. Representatives of VCSO dismissed the information Plaintiff presented by classifying it as a low-level operation and "legitimate business."

27. MONI's business truck was maliciously sabotaged, causing Plaintiff lost wages and failure of his trucking business.

28. MONI purchased a distressed property to rehab and sell in Port Orange, Florida. And relocated there.

29. Port Orange Police were given false information by VCSO regarding MONI being involved in a drug war.

30. MONI was continuously harassed by Port Orange Police and cited twice, once for trespassing, detained and thoroughly searched for 1.5 hours for simply being parked on the side of the road.

31. In November 2014, MONI made reports and gave information to Drug Enforcement Administration, Orlando, Agent Raymond S. Coolidge, and

subsequently met with F.B.I. Daytona agent Rob Corli, regarding what Plaintiff believed was VCSO corruption and conspiracy.

32. MONI witnessed an obvious cover-up of high-level involvement, and ten (10) years later, the alleged organized crime network continues.

33. MONI believes VCSO targeted him for retribution with VCSO helicopter harassment and intimidation.

34. MONI made repeated attempts petitioning all federal and state government agencies and representatives to redress the grievances.

35. Plaintiff made many incident reports and internal affairs complaints against the VCSO helicopter.

36. In 2017, CHITWOOD became VOLUSIA COUNTY Sheriff.

37. MONI made observations of a larger and more dangerous criminal network involvement in the neighborhood (and the organized crime network) that caused him to believe he needed additional defensive capabilities to protect himself.

38. On April 27, 2018, MONI barricaded the end of the dead-end road – he was protecting his life and attempting to expose his neighbor at 1518 Newport Avenue who is a drug trafficker, dangerous ex-con, violent offender that consistently provokes, and is otherwise a threat to MONI.

39. MONI was arrested for felony littering. MONI's property, 1512 Newport Avenue, was the only property whose access was blocked.

40. Despite being outside of their jurisdiction, Deland Police Department responded first and secured the scene.

41. MONI observed another demonstration of the direct high-level awareness and involvement of VCSO when Chief Deputy Creamer of VCSO himself responded to the scene with his gun drawn -- pointing directly at MONI.

42. The felony littering charge was dismissed at hearing by the prosecutor.

43. MONI has a God given natural law, inherent right to protect his life and property from plausible harm. Instead, MONI was criminalized and arrested.

44. MONI had been feeling ill and suspected the alleged VCSO helicopters direct overhead passes, nose on MONI, were more than acting to harass and intimidate and that the illness was more than just stress related.

45. MONI's research gave plausibility to microwave attacks (Havannah Syndrome).

46. On September 4, 2018, MONI needed medical attention and visited his primary care doctor. The EKG presented abnormal, showing damaged heart function. The nurse made the statement, it appeared to have scarring – scarring can be attributable to microwave exposure.

47. MONI now had disturbing medical information that his life was in imminent danger.

48. The alleged VCSO helicopter Directed Energy Weapons (hereinafter referred to as "DEW") attacks continued and intensified.

49. After exhausting all internal grievance processes inside the VCSO including the CHITWOOD's secretaries, MONI appealed outside of VCSO entities including all government agencies and representatives, and he had active complaints as well with the media.

50. MONI was being ignored and the contacts were nonresponsive.

51. MONI had to take bold action under a stressful situation and realized he had to get the attacks stopped and confront the consequences secondarily.

52. MONI used his God given, natural law, inherent right, to make a defensive statement to save his life.

53. The continuing of the alleged DEW attacks by VCSO led to MONI, on September 20, 2018, making a written defensive statement that could not be ignored to Deland Police Department.

54. MONI's defensive statement used the terms "gunfire" and "light beam" but did not threaten life nor property.

55. MONI's statement was a desperate defensive statement made to non-violently defend his life against imminent threats and attacks from Directed Energy Weapons.

56. After making the defensive statement, on September 20, 2018, MONI was feeling ill and stressed and went to the hospital in Deland. EKG results showed an abnormal, damaged heart.

57. MONI was then arrested by VCSO while he was being seen and evaluated at Deland Hospital and taken to VCSO substation for interrogation by Detective Johnson and Internal Affairs representative Justin.

58. Detectives and the MONI discussed Plaintiff's long struggle against drug trafficking and alleged corruption.

59. MONI was taken to Volusia County Jail under felony charges for threats and extortion and false report of a crime. No bond was set.

60. Once at the jail, the terms were changed, and bail was set for $20,000.

61. MONI posted bail, but prior to release, he was Baker Acted.

62. While MONI was in the Baker Act facility he was served a Civil Risk Protection Order.

63. MONI made a rational decision to take a plea deal for the felony criminal charges of threats, extortion and false report of a crime reduced to misdemeanor criminal charges with the intention to use the Federal Court and U.S.

Constitution to expose the truth. See *Moni v. Chitwood*, United State District Court, Middle District of Florida, Case No. 6-22-cv-00537. The case was dismissed for non-prosecution.

64. MONI's guns and his inalienable rights to act in self-defense were confiscated by means of this Risk Protection Order on the grounds Plaintiff is severely mentally ill and a threat to society – yet Plaintiff was approved for a concealed weapons permit and allowed to represent himself in court.

65. MONI'S guns have been confiscated and remain confiscated to this day.

### FACTS COMMON TO DEFENDANTS' VIOLATING PLAINTIFFS FIRST AMENDMENT RIGHTS

66. On October 9, 2023, the Plaintiff, ROBERT MONI was arrested, and imprisoned for thirty (30) days (without bond) for (3) felony counts of aggravated stalking.

67. The charges were unsustainable and reduced to misdemeanor. In fact, Plaintiff was holding up a Bible and praying to public servants on public property.

68. MONI, for over 15 years, exhausted all peaceful attempts to defend himself and expose the unacceptable, was so damaged by his history with the VCSO helicopters, that the sight and sounds of them led the plaintiff to his only recourse, prayer.

69. On or around February 01, 2024, an evaluation by Dr. Roger Davis was conducted, and the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County Florida, relied on a diagnosis and entered an Order for the Plaintiff, ROBERT MONI, to receive three (3) involuntary anti-psychotic injections with the first being ordered in April 2024.

70. On or around May 14, 2024, the Plaintiff, MONI filed a complaint and request for civil injunction against the Defendants, in the captioned matter to cease the mandated anti-psychotic injections.

71. On or around May 21, 2024, the Plaintiff, ROBERT MONI had a subsequent hearing in the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida regarding the additional injections. The prior order of February 6, 2024, was reversed and no further injections were required.

72. Based on the foregoing facts, MONI asserts the Defendants violated Plaintiff's First Amendment Rights to Freedom of Speech and Freedom of Religion.

73. The Defendants' conduct was so outrageous stripping the Plaintiff of his constitutional rights and subjecting MONI to Court ordered injections against his will.

## CLOSING

74. MONI asserts CHITWOOD's and VCSO's failure to provide the services and protection they are paid for and sworn to carry out, forced the Plaintiff to arm himself for self-defense.

75. CHITWOOD and VCSO targeted MONI for his Petitions for the redress of grievances.

76. CHITWOOD and VCSO attacked MONI with alleged DEWs forcing him to respond with his God given natural law, inherent right, to make a defensive statement to save his life.

77. CHITWOOD and VCSO misrepresented and suppressed facts, violating MONI's First Amendment rights to make statements in self-defense and against alleged abuse of power by corruption and conspiracy.

78. MONI requests he be allowed his constitutional right to Petition in this forum and for a jury to determine if Defendants violated Plaintiff's First Amendment rights to Freedom of Speech and Freedom of Religion.

79. CHITWOOD and VCSO developed an unwritten policy through practice and custom of dismissing MONI's reports of corruption and conspiracy to protect an organized crime network and retaliated against him for his continued

exposure of the corruption and conspiracy of a protected organized crime network.

80. MONI expended for an attempted political campaign to expose the truth, http://www.sheriff4volusia.com.

81. MONI has written and published a memoir http://www.trinityallthings.com, that contains an abbreviated version of the fifteen (15) year struggle. Plaintiff welcomes any challenge to the facts therein.

### DAMAGES

73. Plaintiff incorporates herein by references Paragraphs 1 through 7 above as if fully recited herein.

74. In addition to owning a trucking business, MONI had a Realtors license with experience and history of purchasing, rehabbing and selling distressed properties.

75. MONI had to surrender his realtor license due to his now criminal record.

76. Instead of prospering, MONI, and his family have been reduced to poverty, fighting for his life against those he and society pay for service and protection.

77. MONI has expended for legal, medical, and business expenses, lost potential income, and has suffered a loss of reputation in excess of $75,000.00.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests this Court declare Defendants' actions constituted a violation of Plaintiff's rights under the First Amendment to the United State Constitution, compensate Plaintiff for his damages for legal, medical and business expenses, lost past and future income, loss of reputation and attorney fees and costs pursuant to 42 U.S.C. 1988.

### DEMAND FOR JURY TRIAL

Plaintiff, ROBERT MONI requests a trial by jury on all issues so triable.

**DATED** this ___26___ day of August, 2024.

Respectfully submitted,

_____
ROBERT MONI, *Pro Se* Plaintiff
1512 Newport Avenue
Deland, Florida
Phone: 386-235-8785
Email: motorwayi@yahoo.com+