UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT MONI,**

        **Plaintiff,**

**v.**                                **Case No. 6:24-cv-844-CEM-LHP**

**MICHAEL J. CHITWOOD and
VOLUSIA COUNTY SHERIFF'S
OFFICE,**

        **Defendants.**

                                  /

## ORDER

THIS CAUSE is before the Court on Defendants' Motion to Dismiss Second Amended Complaint ("Motion," Doc. 35). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 47), recommending that the Motion be granted in part and denied in part. Plaintiff filed an Objection to the Report and Recommendation ("Objection," Doc. 48), to which Defendants filed a Response (Doc. 49).[1]

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to

---

[1] Plaintiff also filed Motions for Procedural Direction (Doc. Nos. 50, 51), which will be denied as moot in light of this Order.

which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Although Plaintiff's filing is labeled an objection, nowhere in the filing does Plaintiff object to or disagree with the R&R. (*See generally* Doc. 48). Rather the Objection states "[t]his filing is not intended to re-argue the merits or challenge the Court's careful legal analysis, but to ensure that certain material facts . . . are preserved in the record . . . ." (*Id.* at 1). Because Plaintiff has not made a specific objection the Court need not conduct a *de novo* review of the R&R. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (explaining that to necessitate *de novo* review "[i]t is critical that the objection be sufficiently specific and not a general objection to the report.").

Within the Objection, Plaintiff requests that the Court substitute Defendant Sheriff Chitwood in his official capacity for Sheriff Chitwood in his individual capacity and allow the Second Amended Complaint to proceed. (*Id.* at 3). The Court declines to make this substitution. As outlined in the Report and Recommendation, the Second Amended Complaint has several deficiencies that would not be cured by granting this relief. (Doc. 47 at 15).

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Magistrate Judge's recommended disposition is accepted. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objection (Doc. 48) is **OVERRULED**.

2. The Report and Recommendation (Doc. 47) is **ADOPTED** and made a part of this Order.

3. Defendants' Motion to Dismiss Second Amended Complaint (Doc. 35) is **GRANTED in part and DENIED in part**.

   a. The claims against Defendant Volusia County Sheriff's Office are **DISMISSED with prejudice**.

   b. The Second Amended Complaint is **DISMISSED without prejudice**.

   c. The Motion to Dismiss is **DENIED** in all other respects.

   d. **On or before March 30, 2026**, Plaintiff may file a Third Amended Complaint that corrects the deficiencies set forth in the Report and Recommendation. Failure to do so will result in the closure of this case without further notice.

4. Plaintiff's Motions for Procedural Direction (Doc. Nos. 50, 51) are **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida on March 9, 2026.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party